

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**DAVID MEYERS,**

> Petitioner,

v.                                                                    Civil Action No. **3:12CV857**

**JEFFERY L. NEWTON,**

> Respondent.

## MEMORANDUM OPINION

David Meyers, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to

28 U.S.C. § 2254 ("§ 2254 Petition").  Respondent moves to dismiss, *inter alia*, on the ground

that Meyers has failed to exhaust his remedies available in state court.  Respondent provided

Meyers with appropriate *Roseboro*[1] notice.  (ECF No. 8.)  Meyers has responded.  The matter is

ripe for disposition.

## I. PROCEDURAL HISTORY

In his § 2254 Petition, Meyers asserts that he wishes to challenges his convictions in the

General District Court of the City of Petersburg ("General District Court") and the Circuit Court

of the City of Petersburg ("Circuit Court") for "possession of firearm, use of [a] firearm,

malicious wounding, abduction, robbery, possession of ammunition, [and] contempt of

court . . . ."  (§ 2254 Pet. 1, ECF No. 1 (capitalization and punctuation corrected.)

The record reflects that on November 2, 2012, the General District Court convicted

Meyers of summary contempt.  (*See* Mem. Supp. Mot. Dismiss Ex. B, at 1–2.)  Although Meyers

generally swears that he appealed the convictions listed in his petition, (*see* § 2254 Pet. 2–6), he

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

fails to coherently articulate that he pursued any direct appeal following his conviction in the General District Court on November 2, 2012.  Meyers executed his § 2254 Petition on November 12, 2012, ten days after his conviction on the contempt charge.  (*Id.* at 16.)

A grand jury in the Circuit Court returned indictments against Meyers for four counts of use of a firearm in the commission of a felony, (Mem. Supp. Mot. Dismiss Ex. A,[2] at 1, 3, 5, 11, ECF No. 7-1), felon in possession of a firearm (*id.* at 7), malicious wounding (*id.* at 9), and two counts of abduction by force or intimidation (*id.* at 13, 15), and robbery (*id.* at 17).  Meyers is currently awaiting a jury trial on all of these charges, which is set for March 6, 2014.[3]

## II. ANALYSIS

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston,* 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)).  In this regard, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." *Id.* at 531 n.5 (citing *Boumediene*, 553 U.S. at 793).  Thus,

---

[2] The Court employs the pagination assigned to this exhibit by the Court's CM/ECF docketing system.  Exhibit A consists of documents printed from Virginia Judicial System website.  Federal courts in the Eastern District of Virginia regularly take judicial notice of the information contained on this website. *See, e.g.*, *Newkirk v. Lerner*, No. 3:13CV570–HEH, 2013 WL 4811219, at *1 n.1 (E.D. Va. Sept. 9, 2013); *Roberts v. Watson*, 697 F. Supp. 2d 646, 648 n.1 (E.D. Va. 2010).

[3] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Petersburg Circuit" from drop-down menu and follow "Begin" button; type "Meyers, David," and then follow "Search by Name" button; then follow hyperlinks for "CR12001211–00," "CR12001211–01," "CR12001248–00" through "CR12001255–01").

"federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (citation omitted) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state prisoners should stay their hand."). "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *In re Justices of the Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 19 (1st Cir. 2000); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)).

Here, the issues raised by Meyers may be resolved either by trial, direct appeal, or collateral appeal. Meyers fails to demonstrate that any exceptional circumstances warrant the consideration of his habeas petition at this time. Accordingly, Meyers's § 2254 Petition and the action will be dismissed without prejudice because Meyers has failed to exhaust available state remedies or demonstrate that exceptional circumstances warrant consideration of his petition at this juncture. *See Williams v. Simmons*, No. 3:10CV709–HEH, 2011 WL 2493752, at *1–2 (E.D. Va. June 22, 2011) (dismissing without prejudice similar habeas petition by pretrial detainee). Accordingly, the Motion to Dismiss (ECF No. 6) will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE.

3

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Meyers is entitled to further consideration in this matter. A COA will therefore be DENIED.

An appropriate Order shall issue.


Date: *1-21-14*
Richmond, Virginia

/s/
James R. Spencer
United States District Judge